IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| Erika Bedolla, (R91424), | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | Case No. 19 C 0877 |
| v. | ) | |
| | ) | Hon. Charles R. Norgle |
| | ) | |
| Glen Austin, Warden, | ) | |
| Logan Correctional Center, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Erika Bedolla, a prisoner at the Logan Correctional Center, brings this *pro se* habeas corpus action pursuant to 28 U.S.C. § 2254 challenging her 2013 attempted murder conviction from the Circuit Court of Cook County. The Court denies the petition on the merits, and declines to issue a certificate of appealability.

**I.     Background**

The Court draws the following factual history from the state court record (Dkt. 22.) and state appellate court opinion. State court factual findings, including facts set forth in state court opinions, have a presumption of correctness, and Petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C § 2254(e)(1); *Tharpe v. Sellers*, 138 S. Ct. 545, 546 (2018); *Hartsfield v. Dorethy*, 949 F.3d 307, 309 n.1 (7th Cir. 2020) (citations omitted). Petitioner has not made such a showing.

The evidence at trial showed that Petitioner stabbed Yoselin Ortiz multiple times on February 14, 2013. *Illinois v. Bedolla*, No. 2017 IL App (1st) 151140-U, 2017 WL 5617633, at *2 (Ill. App. Ct. Nov. 17, 2017). Petitioner, her brother, sister, mother, and father lived together at the family home in Chicago. *Id.* The victim, who was in a relationship with Petitioner's

brother, also lived in the family home. *Id.* Petitioner stabbed the victim twice in the back with a kitchen knife while the victim was eating at the kitchen table. *Id.* The victim was then stabbed in her stomach as she struggled with Petitioner, and then five more times once she was on the floor. *Id.* Petitioner's brother stopped the attack after hearing the victim scream out. *Id.* He disarmed Petitioner and called the police. *Id.*

Petitioner was examined prior to trial and determined to be both fit to stand trial and legally sane at the time of the offense. *Id.* at *1-*2. Following a bench trial, Petitioner was found guilty of attempted murder and aggravated domestic battery, and was sentenced to 18 years of imprisonment. *Id.* at *3-*4.

Petitioner argued on direct appeal that: (1) the sentencing court failed to consider the statutorily required mitigating factor that Petitioner suffered from mental health problems when imposing a sentence; (2) a conviction for both attempted murder and aggravated domestic battery from the same event violated Illinois's One Act, One Crime doctrine; and, (3) a five dollar fee should be vacated because it was inapplicable to Petitioner's case. (Dkt. 22-2, pgs. 2-3.) The appellate court rejected the first argument, but agreed with Petitioner on her second and third contentions, resulting in the vacating of the domestic battery conviction and fee. *Bedolla*, No. 2017 IL App (1st) 151140-U, 2017 WL 5617633, at *4-*6. Petitioner then brought a petition for leave to appeal (PLA) before the Supreme Court of Illinois renewing the sentencing issue that was previously rejected by the appellate court. (Dkt. 22-6.) The Supreme Court of Illinois denied Petitioner's PLA request, thus ending her state court proceedings, and she did not petition the Supreme Court of the United States for a writ of certiorari. *Illinois v. Bedolla*, No. 123267, 98 N.E.3d 31 (Ill. May 30, 2018) (Table). Nor did Petitioner bring a state postconviction or other

2

collateral proceeding following the completion of her direct appeal. She now brings the instant habeas corpus petition before this Court. (Dkt. 1.)

## II. Analysis

Petitioner's habeas corpus petition argues: (1) the victim did not suffer permanent injuries from the attack; (2) a violation of the One Act, One Crime doctrine; (3) the sentencing judge was biased against Petitioner's race and age, and also did not take into account her preexisting mental illness; and (4) the sentence violates the Eighth Amendment, and her lawyer was ineffective.

### 1. Claim One

Petitioner's first claim is that the victim did not suffer permanent injuries from the stabbings. This claim is both procedurally defaulted and non-cognizable.

Regarding the default, a prisoner must fairly present her claim through one complete round of state court review, including via a PLA before the Supreme Court of Illinois, to preserve the issue for federal habeas corpus review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845-46 (1999); *Weaver v. Nicholson*, 892 F.3d 878, 886 (7th Cir. 2018). Petitioner did not raise this claim at any time during her state court proceedings, thus resulting in procedural default.

Petitioner cannot excuse her default through either cause and prejudice or fundamental miscarriage of justice --- the two exceptions to procedural default. Cause is an "'objective factor, external to [Petitioner] that impeded [her] efforts to raise the claim in an earlier proceeding.'" *Weddington v. Zatecky*, 721 F.3d 456, 465 (7th Cir. 2013) (quoting *Smith v. McKee*, 596 F.3d 374, 382 (7th Cir. 2010)). Examples include: (1) interference by officials making compliance impractical; (2) the factual or legal basis was not reasonably available to counsel; or (3) ineffective assistance of counsel. *Guest v. McCann*, 474 F.3d 926, 930 (7th Cir. 2007) (citing *McCleskey v.*

3

*Zant*, 499 U.S. 467 (1991)).

It is true that Petitioner raises an ineffective assistance of counsel claim later in the habeas corpus petition in Claim Four, but that claim is also not properly preserved. An ineffective assistance of counsel argument asserted to excuse a default must, itself, be properly preserved in the state courts. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Smith v. Gaetz*, 565 F.3d 346, 352 (7th Cir. 2009). Petitioner cannot demonstrate cause and prejudice.

This leaves the fundamental miscarriage of justice (actual innocence) gateway to excuse Petitioner's defaults. There is no doubt that Petitioner stabbed the victim. In fact, she concedes that fact in the instant claim. (Dkt. 1, pg. 5) (stating the victim "did not suffer any permanent damage from the *attack caused by me*.") (emphasis added). Petitioner is not actually innocent. This claim is procedurally defaulted, and she cannot excuse her default.

Beyond the default, Petitioner's claim is non-cognizable. Petitioner is challenging the seriousness of the offense by arguing the victim did not have permanent injuries. The seriousness of the offense is a factor the sentencing court considered when imposing sentence. *Bedolla*, No. 2017 IL App (1st) 151140-U, 2017 WL 5617633, at *5. Petitioner's argument challenges the application of the Illinois sentencing statute, but an alleged misapplication of a state statute is non-cognizable in a federal habeas corpus proceeding. *Dellinger v. Brown*, 301 F.3d 758, 764 (7th Cir. 2002).[1] Claim One is denied.

---

1 Beyond the fact that the claim is non cognizable, Petitioner is also factually incorrect when she alleges the victim did not suffer permanent injuries from the attack. The victim gave an impact statement at sentencing explaining that she suffers breathing difficulties and permanent back pain from her injuries. (Dkt. 22-11, pg. 207.)

2.   **Claim Two**

Petitioner argues in Claim Two that her convictions for attempted murder and aggravated domestic battery violate Illinois's One Act, One Crime doctrine. This claim is moot because Petitioner obtained relief on this issue before the state appellate court on direct appeal. *Bedolla*, No. 2017 IL App (1st) 151140-U, 2017 WL 5617633, at *6. In addition, the claim is a non-cognizable issue of state law. *Dellinger*, 301 F.3d at 764; *Young v. Varga*, No. 17-1408, 2017 WL 3747270, at *1 (7th Cir. Aug. 23, 2017).

3.   **Claim Three**

Claim Three asserts that the sentencing judge was biased against Petitioner's race and age, and also did not take into account her preexisting mental illness. Petitioner failed to raise a judicial bias claim at any point in the state proceedings making the claim procedurally defaulted. *Boerckel*, 526 U.S. at 838, 845-46. Furthermore, consistent with the explanation set forth in Claim One, Petitioner cannot excuse the default of this issue. Beyond the default, a review of the state trial transcript included in the record shows no evidence of judicial bias. (Dkt. 22-11.)

Petitioner's remaining argument in this claim is that the sentencing judge failed to consider her mental illness when imposing her sentence. As previously explained in Claim One, a challenge to a state sentencing court's application of aggravating and mitigating factors under a state sentencing statute is a non-cognizable issue of state law. *Dellinger*, 301 F.3d at 764.

Finally, beyond the point that the issue is non-cognizable, Petitioner is also factually incorrect as "[t]he record shows that the [sentencing] court considered [Petitioner's] mental health in mitigation, but simply did not give it much weight, in light of the seriousness of the offense and

5

[Petitioner's] conduct during the offense." *Bedolla*, No. 2017 IL App (1st) 151140-U, 2017 WL 5617633, at *5; (Dkt. 22-11, pgs. 222-23.) Claim Three is denied.

### 4. Claim Four

Petitioner's final claim is that her 18-year sentence violates the Eighth Amendment because it is three times what is required for the crime. This claim is procedurally defaulted because it was not presented to any state court. *Boerckel*, 526 U.S. at 838, 845-46. Furthermore, consistent with the explanation set forth in Claim One, Petitioner cannot excuse the default of this issue.

Beyond the default, the claim is also meritless. A sentence is unconstitutional under the Eighth Amendment when it is "grossly disproportionate to the crime." *Ewing v. California*, 538 U.S. 11, 23 (2003). For example, the Supreme Court has held that a life sentence without the possibility of parole for a defendant's seventh nonviolent felony of passing a worthless check was unconstitutional. *Graham v. Florida*, 560 U.S. 48, 59 (2010) (citing *Solem v. Helm*, 463 U.S. 277 (1983); *see also Ewing*, 538 U.S. at 21 (noting that a life sentence without the possibility of parole for an expired parking meter would be unconstitutional). In contrast, a life sentence without the possibility of parole for possessing a large amount of cocaine, a sentence of 25 years to life for stealing a few golf clubs as a third strike under a three strike's law, a life sentence without the possibility of parole for obtaining money by false pretenses as a third strike under a three strikes law, and a 40 year sentence for possession with intent to distribute and distribution of marijuana, have all been upheld by the Supreme Court as constitutional. *Graham*, 560 U.S. at 59-60. Petitioner's 18-year sentence for attempted murder is not grossly disproportionate under this framework.

6

Petitioner's argument does not apply the controlling standard for an Eighth Amendment claim. Instead, she argues that her sentence is unconstitutional because it is three times the mandatory minimum sentence of six years. (Dkt. 22-11, pg. 218.) There is no constitutional right to receive a minimum sentence. This argument is rejected.

Petitioner's final argument is that her lawyer was ineffective. This claim is procedurally defaulted because it was not presented to any state court. *Boerckel*, 526 U.S. at 838, 845-46. Furthermore, consistent with the explanation set forth in Claim One, Petitioner cannot excuse the default. Beyond the default, Petitioner fails to identify her lawyer's particular failings and there is nothing in the record to suggest a plausible ineffective assistance of counsel claim. Claim Four is denied. The habeas corpus petition is denied.

## III. Certificate of Appealability and Notice of Appeal Rights

The Court declines to issue a certificate of appealability. Petitioner cannot make a substantial showing of the denial of a constitutional right; i.e., reasonable jurists would not debate, much less disagree, with this Court's resolution of Petitioner's claims. *Arredondo v. Huibregtse*, 542 F.3d 1155, 1165 (7th Cir. 2008) (citing 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

Petitioner is advised that this is a final decision ending her case in this Court. If Petitioner wishes to appeal, she must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). Petitioner need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if Petitioner wishes the Court to reconsider its judgment, she may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See*

Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

### IV. Conclusion

Petitioner's habeas corpus petition (Dkt. 1.) is denied on the merits. Any other pending motions are denied as moot. The Court declines to issue a certificate of appealability. The Clerk is instructed to: (1) terminate Respondent Glen Austin, (2) add Petitioner's present custodian, Jean Marie Case, Warden, Logan Correctional Center, as Respondent; (3) alter the case caption to *Bedolla v. Case*; and, (4) enter a Rule 58 judgment in favor of Respondent and against Petitioner. Civil Case Terminated.

Dated: 7/23/21

ENTERED:

CHARLES R. NORGLE
United States District Judge